## EARLE SCHAFER WILLIAMS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10741

August 16, 1979                                    598 P.2d 1144

*Douglas R. Pike,* of Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, *Robert J. Miller,* District Attorney, and *Gary Weinberger,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Earle Schafer Williams stands convicted by a jury for driving under the influence of intoxicating liquor, a felony pursuant to NRS 484.3795. Williams now maintains that the destruction of the decedent's bicycle prevented the discovery of possible exculpatory evidence and thereby violated due process. Consequently, he argues that the conviction must be reversed.

1. The record on appeal does not contain a full transcript of the trial proceedings. All that exists is a partial transcript of the testimony of one Sergeant Cooper. Cooper, a Nevada State

Highway Patrolman, indicated that although the decedent's bicycle had been impounded initially, it was later discarded.

Williams asserts that the bicycle was material to his case. However, an appellant seeking to have his conviction reversed for loss of evidence must show either (1) bad faith or connivance on the part of the government or, (2) that he was prejudiced by the loss of the evidence. United States v. Heiden, 508 F.2d 898 (9th Cir. 1974). The record fails to indicate any wrongdoing on the part of the State or prejudice to the appellant. Accordingly, we must affirm the conviction.

2. Other assigned errors are without merit.

Affirmed.